## WILKINS v WALTON

Ohio Appeals, 2nd Dist, Franklin Co

No 2231. Decided Dec 9, 1932

W. E. Bigony, Columbus, for plaintiff.
N. L. Greenlee, Columbus, for defendant.

ALLREAD, J.

The case was tried in the Court of Common Pleas upon the agreed statement of facts in which the only question was as to whether the judgment was not barred by the discharge in bankruptcy. A judgment having been rendered in the Court of Common Pleas against the defendant who filed an appeal bond and transferred the case to this court on appeal. A motion has been filed to dismiss the appeal. There is no doubt that an action in subrogation between partners is an action in chancery and is appealable. The question is whether that applies to the present case. The original action was brought by the Morris Plan Bank against both partners to recover a judgment on its claim. The judgment was rendered against both defendants and payment was enforced against the plaintiff Pearl Wilkins, one of the partners. Pearl Wilkins brings this action against Raymond W. Walton and recovered judgment for the one-half of said judgment. At no place in the petition is there any allegation as to a partnership, nor is there any liability claimed upon that account. The judgment is based solely on the relation of joint debtors.

The answer contains no statement as to the alleged partnership, but admits the rendition of the joint judgment and impliedly at least admits his liability at the time of the judgment for one-half of the claim. His real defense is based upon a proceedings in bankruptcy in which this claim was listed as owing to the Ideal Laboratories Company. The case was tried in the Court of Common Pleas solely upon the issue as to the effect of the bankruptcy case. In the Court of Common Pleas the case was tried upon an agreed statement of facts, which for the first time brought into the case the original partnership, but the effect of the agreed statement of facts was to challenge the right of the Morris Plan Bank to bring the action, and insisting that the claim was listed as one in favor of the Ideal Laboratories Company. The court in its decision passed upon the right of the plaintiff Pearl Wilkins to assert her one-half of the judgment against Raymond W. Walton in view of the discharge in bankruptcy.

We can not reach the conclusion that this case involved in any way the partnership or the right of one partner to assert his right of subrogation against the other. The case is based in the first place upon the judgment of Pearl Wilkins and her payment of one-half of the judgment which she seeks to have charged against her former partner by virtue of the judgment.

We are clearly of the opinion that the case does not present a chancery issue capable of being appealed to this court. The appeal is therefore dismissed.

HORNBECK and KUNKLE, JJ, concur.

ON APPLICATION FOR REHEARING

Decided Dec 28, 1932

BY THE COURT

We have carefully read the application for rehearing. We are still of opinion that the motion to dismiss the appeal was properly allowed. The most that can be claimed from the application for rehearing is that a partnership was referred to in the pleadings, but there is nothing that convinces the court that the cause of action was founded upon any of the obligations growing out of the partnership. The motion for rehearing is therefore denied.

ALLREAD, PJ, HORNBECK and KUNKLE, JJ, concur.